L. Paul Mankin, IV (SBN 264038)
**LAW OFFICES OF L. PAUL MANKIN, IV**
4655 Cass Street
Suite 112
San Diego, CA 92109
Phone: 800-219-3577
Fax: 323-207-3885
pmankin@paulmankin.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORETTA CARROL**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**NORTH AMERICAN CREDIT SOLUTIONS, LLC**<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  Plaintiff, REGINA LORETTA CARROL ("Plaintiff"), bring this action on behalf of herself and all others situated as a result of false, deceptive and unfair debt-collection practices promulgated by Defendant, NORTH AMERICAN CREDIT SOLUTIONS, LLC, ("Defendant"), in an effort to induce

1
**CLASS ACTION COMPLAINT**

consumers to make payment on alleged consumer debts in which the applicable statute of limitations has expired and thus renewing Breach of Contract claims that Defendant and/or its creditor clients failed to bring in a timely manner against consumers by failing to advise Plaintiff and consumers that the applicable statute of limitations had previously expired when seeking to collect the alleged debt.

2.      Plaintiff, on behalf of himself and all others similarly situated, alleges that within the one (1) year preceding the filing of this Complaint, Defendant attempted to collect a consumer debt from him and other consumers by systematically preparing and sending via U.S. postal mail written collection correspondences (commonly referred to in the collection industry as "dunning letters:") which failed to advise Plaintiff and the putative class that the applicable statute(s) of limitations for filing legal claims to collect on those debts had expired ("time-barred debts"), and thus, that legal claims cannot be brought against them past of the statute of limitations and that making even the smallest of payments renews the expired statutes of limitations.

3.      The FTC has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least the following ways: 1) since most consumers do not know or understand their legal rights regarding the collection of time-barred debts, efforts to collect on such debts may create a misleading impression that the consumer has no defense to a lawsuit; and 2) consumers often do not know that in many states, making even the smallest of payments on a time-barred debt actually renews statute of limitations on that debt. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Fed. Trade Comm'n,* The Structure and Practice of the Debt Buying Industry, 47(2013) (FTC Report 2013).

4.      Reflective of the importance of advising consumers of when a debt is beyond the statute of limitations is the consent decree between the FTC and Asset Acceptance, LLC requiring it to disclose to consumers *whether it knows or believes that a debt was incurred outside the limitations period*, the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182–T–27EAJ (M.D.Fla.2012).

5.      Further, Plaintiff, on behalf of herself and of all others similarly situated, seeks redress as a result of Defendant systematically preparing and delivering via U.S. postal mail, written debt collection correspondence to Plaintiff and the putative class seeking to collect on time-barred debts which use/d the term "settlement," which misleads Plaintiff and the putative class into believing that the alleged time-barred debt was legally enforceable when it in fact was not.

6.      Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is incredibly likely that an unsophisticated consumer would believe letter that offers to "settle" a debt implies that the debt is legally enforceable. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (2014). After all, most consumers do not understand their rights with regards to time-barred debts. *Fed. Trade Comm'n,* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010).

7.      Defendant's acts and omissions were intentional, and resulted from Defendant's intention to mislead Plaintiff and the putative class into making payments, which would renew the applicable expired statute of limitations, thereby allowing Defendant and/or its creditor client(s) to subsequently file legal claims against Plaintiff and the putative class who had otherwise had available to them that affirmative defense to any such time-barred lawsuit prior to making such falsely and unfairly induced payments.

8.      As a result, Plaintiff brings the instant class action claims against Defendant seeking redress for himself and the putative class under the Federal

Fair Debt Collection Practices Act ("FDCPA") which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*.

## JURISDICTON AND VENUE

9. The Court has jurisdiction over Plaintiff's and the putative class' claims pursuant to *28 U.S.C. §1331* as said claims arise under the laws of the United States of America.

10. Venue is proper in the Central District of California pursuant to *18 U.S.C. § 1391(b)* because Defendant does business within the Central District of California, and because Plaintiff is a resident of Los Angeles, California, and within this judicial district.

## PARTIES

11. Plaintiff is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, *15 U.S.C. §1692a(3)*.

12. Defendant is a limited liability company based in Kennesaw, GA which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, *15 U.S.C. §1692(a)6*.

13. The alleged debts that Defendant attempted to collect from Plaintiff and the putative class are "debt(s)," under the FDCPA, *15 U.S.C. §1692a(5)*.

## FACTUAL ALLEGATIONS

14. Beginning on or about January of 2015, Defendant began communicating and/or attempting to communicate with Plaintiff seeking the collection of an allegedly delinquent and owed debt previously owed to GE

1  Capital-Wal-Mart, but which was purchased by or otherwise assigned to
2  Defendant.
3     15.   The alleged debt stems from personal credit card and such credit
4  card was utilized by Plaintiff in her personal, family and/or household capacity.
5     16.   On or about May 22, 2015, Defendant prepared and caused to be
6  mailed to Plaintiff, a written correspondence seeking to collect the alleged debt.
7     17.   Said May 22, 2015 correspondence, which contained a text box
8  reading "Current Total Balance $604.42 Settlement Offer Amount $315.02
9  Settlement Offer Date 06/12/2015" stated in pertinent part:

> To satisfy the terms of this Settlement Offer Amount must be received in our office on or before the Settlement Offer Date.

18.   Plaintiff is informed, believes and thereon alleges that Plaintiff had not made any payment(s) on the alleged debt to either GE Capital- Wal-Mart, Defendant, or any other entity in the four years prior to May 22, 2015.

19.   Plaintiff is informed, believes and thereon alleges that as a result of Plaintiff's lack of any payment(s) on the alleged debt within the four years prior to May 22, 2015, the alleged debt Defendant sought to collect was beyond the applicable four year statute of limitations imposed in the State of California for a breach of contract claim.

20.   However, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of May 22, 2015), nowhere in Defendant's May 22, 2015 correspondence to Plaintiff does it provide Plaintiff any information regarding the statute of limitations whatsoever.

21.   Further, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of May 22, 2015), nowhere in Defendant's May 22, 2015 correspondence to Plaintiff does it advise Plaintiff that litigation against Plaintiff pertaining to the alleged debt sought by Defendant is barred by the applicable statute of limitations.

22. Further, despite this imperative fact (that the debt at issue was beyond the statute of limitations as of May 22, 2015), nowhere in Defendant's May 22, 2015 correspondence to Plaintiff does it advise Plaintiff that should Plaintiff take advantage of Defendant's "offer" and remit payment to Defendant towards the alleged debt sought by Defendant, that any such payment would revive the applicable statute of limitations and allow Defendant the opportunity to initiate litigation against Plaintiff seeking to recover the alleged debt in full.

23. Defendant purposefully omitted disclosing to Plaintiff the fact that the alleged debt was barred by the applicable statute of limitations and/or that by making any such payment towards the alleged debt that Plaintiff would revive said statute of limitations and strip Plaintiff of his affirmative defense should Defendant opt to initiate litigation against him on the time barred debt.

24. Defendant's intention in omitting such information was to deceive and induce Plaintiff into making payment towards the alleged debt as Defendant was cognizant of the fact that Plaintiff, like many other consumers, would not make any such payments to Defendant should Plaintiff be made aware that the alleged debt was barred by the statute of limitations and/or that making any such payments would revive said statute.

25. Further, Defendant's May 22, 2015 is rife with the use of the phrase(s) "settlement", "offer" and/or "settlement offer."

26. Defendant affirmatively elected to include, or at the very least reviewed, approved and/or directed its agents or employees to, on Defendant's behalf and to Defendant's benefit, include such language in its May 22, 2015 correspondence to Plaintiff.

27. Defendant opted to utilize such words and language in its May 22, 2015 correspondence due to its association and/or proximity to the litigation context.

28. Defendant is cognizant of the fact that Plaintiff, like many other consumers and the putative class, associate the words "settlement", "offer" and

6
**CLASS ACTION COMPLAINT**

"settlement offer" with civil litigation.  As such, by including such language, Defendant intentionally conveyed to Plaintiff, albeit falsely, that the alleged debt was legally enforceable and/or was in litigation or that litigation was pending.

29. In support of Plaintiff's allegations in this regard, should a consumer enter the term "settlement" into a common internet search engine such as www.google.com, the first "link" that appears in the search results is a link to the definition of "settlement" on the website Wikipedia.

30. Should a consumer click the link to review the Wikipedia page, the first sentence displayed on said page reads: "In law, a **settlement** is a resolution between disputing parties about a legal case, reached either before or after court action begins. The term "settlement" also has other meanings in the context of law. Structured settlements provide for a periodic payment." *See* http://en.wikipedia.org/wiki/Settlement_%28litigation%29.

31. As such, and as intended by Defendant, the least sophisticated consumer would, and in fact likely did, interpret Defendant's use of the phrase(s) "settlement", "offer" and/or "settlement offer" to infer that the alleged debt was legally enforceable despite the fact that the alleged debt was time barred by the applicable statute of limitations.

## Class Allegations

32. Plaintiff brings this class action on behalf of herself and all others similarly situated ("the Class").

33. Plaintiff represents, and is a member of the following classes:
   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that their debts, which are time-barred, are past the statutes of limitations;
   b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection

      correspondence from Defendant that failed to disclose that Defendant cannot sue to recover the time-barred debts;

  c. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that making payments on their time-barred debts would renew the statutes of limitations on said debts;

  d. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that used the term "settlement," in connection with attempting to collect on their time-barred debts.

34. As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of time-barred debts that Defendant sought to collect from them. Defendant mislead Plaintiff and the Class into believing that making payments on time-barred debts is legally inconsequential. They have also been mislead, through the use of the term "settlement," into believing that there were pending legal actions against them, despite the fact that these debts were time-barred from legal action.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on

behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

38.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers on time-barred debts that:
      i. Failed to disclose the particular statute of limitations for the debt, and that the debt was time-barred;
      ii. Failed to disclose that Defendant cannot bring legal action against the debtor or consumer because the debt is time-barred;
      iii. Failed to disclose that the consumer or debtor making payment to Defendant renews the statute of limitations on the time-barred debt;
      iv. Failed to disclose that despite the use of the term "settlement," no legal action was pending against the particular consumer or debtor.
   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

41. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Carson to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Carson is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

45. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

46. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C.* §1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

47. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C.* §1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

48. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C.* §1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

49. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

50. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

**Prayer for Damages**

Wherefore, Torres respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

   a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

   b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

    c. For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

51. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

52. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

53. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

54. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## Prayer for Damages

Wherefore, Torres respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

    a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: March 29, 2016

By: /s/ L. Paul Mankin
Paul Mankin, Esq.
**THE LAW OFFICE OF L. PAUL MANKIN**
Attorneys for Plaintiff